993 F.2d 1541
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Robert NEWSOME, a/k/a Nu Nu, Defendant-Appellant.
 No. 92-5643.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
May 18, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-92-79)
 R. Lee Booten, II, Huntington, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Sharon M. Frazier, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 OPINION
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Newsome appeals the sentence imposed on him after he was convicted of possession of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C.A. § 841 (West Supp. 1992), and 18 U.S.C. § 2 (1988). He contends that the district court misapplied the sentencing guidelines and clearly erred in determining the amount of crack involved in the offense. We affirm.
 
 
 2
 Newsome was convicted of selling .35 grams of crack to a confidential informant in a controlled buy on September 23, 1991. He objected in writing to the probation officer's estimate of the amount of crack involved, claiming that it was inaccurate. At the sentencing hearing, the government offered evidence that Newsome had sold crack in the same area on numerous occasions in 1990 and 1991. A government witness testified that he had personally bought $25 and $50 rocks of crack from Newsome fifteen or twenty times in 1990 and 1991, and that he had seen Newsome sell crack to others at least fifty times. The case agent testified that six other people who had been debriefed reported buying similar amounts from Newsome. He said a $25 rock of crack generally weighed .18 to .22 grams.
 
 
 3
 Newsome testified that he had sold crack only once-to the confidential informant. He testified that he was in Columbus, Ohio, from January to July 1991. His brother testified that Newsome lived with him in Columbus during that time. Defense counsel argued that the testimony of the government witness was wrong, and that the agent's evidence included hearsay which lacked any indicia of reliability.
 
 
 4
 Considering only the testimony of the witness as to amounts he bought from Newsome and other sales he witnessed, and not considering the hearsay evidence from the agent, the district court determined that Newsome sold at least five grams of crack. Its estimation of the total amount involved is authorized by United States Sentencing Commission, Guidelines Manual § 2D1.1, comment. (n.12) (Nov. 1991). Although Newsome argues that United States v. Johnson, 943 F.2d 383 (4th Cir.), cert. denied, 60 U.S.L.W. 3435 (U.S. 1991), holds that an approximation of the total amount is permitted only when there is no seizure of drugs, we do not read Johnson that way. The guideline commentary permits an approximation when there is no seizure or the amount seized does not reflect the scale of the offense. The district court properly approximated the amount of drugs here where the amount seized did not "reflect the scale of the offense."
 
 
 5
 On appeal, Newsome also argues that the district court erred in not finding that the distributions outside his count of conviction were part of the same course of conduct. U.S.S.G. § 1B1.3(a)(2). However, at the sentencing hearing Newsome only challenged the number of sales and did not contest whether the alleged sales were part of the same course of conduct. Accordingly, Newsome has waived appellate review by his failure to raise this issue below. Thus, we review this issue only for plain error. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). Even without the information presented by the agent and allowing for a hiatus while he was in Columbus,* the government's evidence at sentencing showed a consistent pattern of crack distribution by Newsome. Therefore, we find no plain error in the consideration of the other distributions, and we consequently find that the district court's determination of the amount of drugs involved was not clearly erroneous.
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The evidence of his employment in Columbus which Newsome offered suggested that he did not work there as long as he claimed